UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:16-CV-1650-ORL-41G

CATLIN SPECIALTY INSURANCE
COMPANY, INC.,

      Plaintiff,

vs.

THE LANDINGS AT CARVER PARK, LLLP,
WENDELL EDWARDS, RICKY HARRISON,
DAQUAN LUNDY, THE ESTATE OF GINO
NICHOLAS, THE ESTATE OF TANYA SKEEN,
AND CORDARIUS WILLIAMS,

      Defendants.

_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Catlin Specialty Insurance Company, Inc. ("Catlin"), by and through its undersigned counsel, files a Complaint for Declaratory Judgment under 28 U.S.C. § 2201, against Defendants The Landings at Carver Park, LLLP, Wendell Edwards, Ricky Harrison, Daquan Lundy, The Estate of Gino Nicholas, The Estate of Tanya Skeen, and Cordarius Williams, for a declaration that the available bodily injury liability limits under a commercial general liability policy issued by Catlin to The Landings at Carver Park, LLLP with respect to claims arising out of a drive-by shooting incident resulting in two deaths and injuries to four others are limited to $100,000 pursuant to an Assault and Battery Sublimit Endorsement to the Policy. The Assault and Battery Sublimit Endorsement limits the Policy's bodily injury liability coverage to $100,000 with respect to bodily injury arising out of assault and/or battery regardless of the number of insureds, claims, suits, or persons or organizations making claims or bringing suit. As grounds, Catlin states as follows:

{39478361;1}

## JURISDICTION AND VENUE

1.      This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 et. seq. for the purposes of determining a question of actual controversy between the parties.

2.      The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs and there is diversity of citizenship between Plaintiff and Defendants.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the insurance policy at issue was issued to a Florida insured in Orange County, Florida, and the events giving rise to the coverage issue occurred in this judicial district.

## PARTIES

4.      Plaintiff Catlin is a Delaware corporation with its principal place of business in Atlanta, Georgia.

5.      Defendant The Landings at Carver Park, LLP ("The Landings at Carver") is a limited partnership organized and existing under Florida law.  The Landings at Carver's general partner is a Florida citizen.  Accordingly, the Landings at Carver is a Florida citizen.

6.      Defendant Wendell Edwards ("Edwards") is a Florida citizen residing in Orange County, Florida.

7.      Defendant Ricky Harrison ("Harrison") is a Florida citizen residing in Orange County, Florida.

8.      Defendant Daquan Lundy ("Lundy") is a Florida citizen residing in Orange County, Florida.

9.      Defendant The Estate of Gino Nicholas ("Nicholas Estate") is an estate that has or will be opened and administered in Orange County, Florida.

10.     Defendant The Estate of Tanya Skeen ("Skeen Estate") is an estate opened and administered in Orange County, Florida.

11.     Defendant Cordarius Williams is a Florida citizen residing in Orange County, Florida.

## FACTUAL ALLEGATIONS

### The Underlying Incident

12.     On the evening of April 16, 2016, one or more occupants of an automobile traveling on a road adjacent to The Landings at Carver apartment complex fired gunshots in the direction of The Landings at Carver apartment complex (the "Incident").

13.     The gunshots fired by one or more of the occupants in the automobile struck six people – Edwards, Harrison, Lundy, Nicholas, Skeen and Williams.  Nicholas and Skeen died as a result of their gunshot wounds.

### The Policy

14.     At the time of the Incident, The Landings at Carver was the named insured under a commercial general liability policy issued by Catlin, policy number 3700303212 (the "Policy"), with a policy period of July 10, 2015, to July 10, 2016.  A true and correct copy of the Policy is attached hereto as Exhibit "A."

15.     The Policy generally provides, inter alia, bodily injury liability coverage to the Landings at Carver Park with an each occurrence limit of $1,000,000 and a general aggregate limit of $2,000,000.  See Ex. A at p. 1 of Declarations.

16.     The Policy defines "bodily injury" to include "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." Ex. A at §V, ¶3.

17.     The Policy, however, as identified in the Policy's Schedule of Forms and Endorsements and Supplemental Declarations, includes an Assault and Battery and Sublimit

Endorsement which provides that the Policy's bodily injury liability coverage for bodily injury arising out of assault and/or battery is limited to $100,000 for each "incident" and $300,000 in the aggregate. See Ex. A at Assault and Battery Sublimit Endorsement (Form SSGL 436 0514). The Assault and Battery Sublimit Endorsement provides, in relevant part, as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**

## ASSAULT AND BATTERY SUBLIMIT ENDORSEMENT

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

SCHEDULE

| Assault and Battery Limits Of Insurance: | |
|---|---|
| Each Incident | $ 100,000 |
| Aggregate | $ 300,000 |

A. **SECTION III – LIMITS OF INSURANCE** is replaced by the provisions of paragraph B. below with respect to all "bodily injury", "property damage" or "personal and advertising injury" arising out of:

1. Assault and/or battery;

2. The failure to prevent or suppress any assault and/or battery; or

3. Negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of any person who actually or allegedly committed assault and/or battery.

18.     The Assault and Battery Sublimit Endorsement further provides that the limits of insurance applicable to claims arising out of assault and battery incidents apply regardless of the number of insureds, claims made, suits brought, or the persons or organizations making claims or bringing suits:

8. SECTION III – LIMITS OF INSURANCE

1. The Limits of Insurance shown in the Schedule and the rules below fix the most we will pay regardless of the number of:

   a   Insureds;

   b   Claims made or "suits" brought; or

   c   Persons or organizations making claims or bringing "suits".

2. The Aggregate Limit is the most we will pay for the sum of all damages because of "bodily injury", "property damage" and "personal and advertising injury" covered under this Limited Coverage Endorsement. This Aggregate Limit is part of and not in addition to the policy General Aggregate Limit.

3. Subject to Paragraph 2. above, the Each Incident Limit is the most we will pay for damages because of all "bodily injury", "property damage" and "personal and advertising injury" arising out of any one "incident".

19.    The Assault and Battery Sublimit Endorsement defines the term "incident" to mean "one or more altercations, disturbances or disputes that are causally connected or share a common nexus in which assault, battery, or assault and battery occur," and further provides that "all claims or 'suits' arising out of related 'incidents' will be considered as arising out of one 'incident.'" The Policy's definition of an "incident" provides, in full, as follows:

A. For the purposes of the coverage provided by this endorsement, the following definition is added:

"Incident" means one or more altercations, disturbances or disputes that are causally connected or share a common nexus in which assault, battery, or assault and battery occur. All claims or "suits" arising out of related "incidents" will be considered as arising out of one "incident" regardless of:

a. The period of time over which the assault and/or battery occurred;

b. The number of locations where the assault and/or battery took place;

c. The number of victims or perpetrators of assault and/or battery; or

d. The number of allegations against any insured of negligence or other wrongdoing.

All other terms, conditions and exclusions remain unchanged.

Ex. A at p. 2 of Assault and Battery Sublimit Endorsement.

**The Claims Regarding the Incident**

20.     Following the Incident, Catlin has received correspondence from various attorneys representing Defendants Edwards, Harrison, Lundy, The Estate of Gino Nicholas, The Estate of Tanya Skeen, and Williams (collectively, the "Claimants"), advising of their intention to pursue bodily injury claims against The Landings at Carver as a result of the Incident.

21.     In response to communications from Catlin advising that the available bodily injury liability limits under the Policy with respect to the Incident are limited to $100,000 pursuant to the Policy's Assault and Battery Sublimit Endorsement, one or more of the attorneys representing the Claimants has indicated that it is their position that the bodily injury liability coverage available under the Policy to respond to the claims arising from the Incident are not limited to $100,000; one or more of the Claimants contend that either the $300,000 aggregate limit is applicable or the Policy's $1,000,000 per occurrence limit should apply.

## COUNT I

### DECLARATORY JUDGMENT AGAINST ALL DEFENDANTS THAT THE BODILY INJURY LIABILITY COVERAGE AVAILABLE FOR THE INCIDENT IS LIMITED TO $100,000

22.     Catlin realleges paragraphs 1 through 21 of the complaint as if fully restated herein.

23.     The Policy's coverage for bodily injuries arising out an assault and/or battery is limited to $100,000 for each incident. Ex. A at Assault and Battery Sublimit Endorsement.

24.     The bodily injuries sustained by the Claimants in the Incident arose out of an assault and/or battery and, therefore, are subject to the Policy's Assault and Battery Sublimit Endorsement.

25.   The Incident constitutes a single "incident" within the meaning of the Policy's Assault and Battery Sublimit Endorsement.

26.   Because the bodily injuries sustained by the Claimants arose out of a single "incident" of an assault and/or battery, the bodily injury liability coverage available to respond to the bodily injury liability claims arising from the Incident are limited to $100,000 pursuant to the Policy's Assault and Battery Sublimit Endorsement

27.   Upon information and belief, one or more of the Defendants dispute some or all of the above allegations, and thus an actionable and justifiable controversy is present requiring an adjudication of the parties' respective rights and obligations under the Policy.

28.   By the terms and provisions of 28 U.S.C. § 2201 et seq., this Court is vested with power to declare the rights and liabilities of the parties and to give such other and further relief as may be necessary.

29.   Catlin has satisfied all conditions precedent to bringing this action.

**WHEREFORE,** Catlin requests entry of a declaratory judgment in its favor, declaring that the bodily injury liability coverage under its Policy available to respond to all the bodily injury liability claims arising from the Incident is limited to $100,000 pursuant to the Policy's Assault and Battery Sublimit Endorsement, together with any other further relief this court deems just and proper.

Dated this 20th day of September, 2016

Respectfully submitted,

**AKERMAN LLP**
*Attorneys for Plaintiff*
98 Southeast 7th Street, Suite 1100
Miami, FL  33131
Phone:  (305) 374-5600
Fax:  (305) 374-5095

By:  s/ Antonio D. Morin
ANTONIO D. MORIN
Florida Bar No. 187860
Primary E-mail: antonio.morin@akerman.com
Secondary E-mail: maria.revoredo@akerman.com