UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CATLIN SPECIALTY INSURANCE COMPANY, INC.,

    Plaintiff,

vs.

CASE NO.: 6: 16-cv-1650-Orl-41gjk

THE LANDINGS AT CARVER PARK, LLLP, HOUSING AUTHORITY OF THE CITY OF ORLANDO, INC., WENDELL EDWARDS, RICKY HARRISON, DAQUAN LUNDY, THE ESTATE OF GINO NICHOLAS, THE ESTATE OF TANYA SKEEN, AND CORDARIUS WILLIAMS,

    Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, The Landings at Carver Park, LLLP (the "Landings"), by and through its undersigned counsel, answers the numbered allegations of Catlin Specialty Insurance Company, Inc.'s ("Plaintiff") Amended Complaint for Declaratory Judgment ("Amended Complaint") as follows:

### JURISDICTION AND VENUE

1. The Landings admits that Plaintiff has filed an action for declaratory relief but denies the remaining allegations contained in paragraph 1 of the Amended Complaint, and therefore, demands strict proof thereof.

2. The Landings admits the allegations of paragraph 2 of the Amended Complaint for jurisdictional purposes only.

3. The Landings admits the allegations of paragraph 3 of the Amended Complaint for jurisdictional purposes only.

## PARTIES

4. The Landings is without knowledge as to the allegations contained in paragraph 4 of the Amended Complaint, and therefore, denies the same and demands strict proof thereof.

5. The Landings admits the allegations in paragraph 5 of the Amended Complaint.

6. The Landings is without knowledge as to the allegations contained in paragraph 6 of the Amended Complaint, and therefore, denies the same and demands strict proof thereof.

7. The Landings is without knowledge as to the allegations contained in paragraph 7 of the Amended Complaint, and therefore, denies the same and demands strict proof thereof.

8. The Landings is without knowledge as to the allegations contained in paragraph 8 of the Amended Complaint, and therefore, denies the same and demands strict proof thereof.

9. The Landings is without knowledge as to the allegations contained in paragraph 9 of the Amended Complaint, and therefore, denies the same and demands strict proof thereof.

10. The Landings is without knowledge as to the allegations contained in paragraph 10 of the Amended Complaint, and therefore, denies the same and demands strict proof thereof.

11. The Landings is without knowledge as to the allegations contained in paragraph 11 of the Amended Complaint, and therefore, denies the same and demands strict proof thereof.

12. The Landings is without knowledge as to the allegations contained in paragraph 12 of the Amended Complaint, and therefore, denies the same and demands strict proof thereof.

**FACTUAL ALLEGATIONS**

13.     The Landings is without knowledge as to the allegations contained in paragraph 13 of the Amended Complaint, and therefore, denies the same and demands strict proof thereof.

14.     The Landings is without knowledge as to the allegations contained in paragraph 14 of the Amended Complaint, and therefore, denies the same and demands strict proof thereof.

15.     The Landings is without knowledge of the allegations contained in paragraph 15 of the Amended Complaint, and therefore, denies the same and demands strict proof thereof.

16.     The Landing sasserts that the Policy speaks for itself but otherwise denies the allegations set forth in paragraph 16 of the Amended Complaint.

17.     The Landings states that the Policy speaks for itself but otherwise denies the allegations set forth in paragraph 17 of the Amended Complaint.

18.     The Landings states that the Policy speaks for itself but otherwise denies the allegations set forth in paragraph 18 of the Amended Complaint.

19.     The Landings states that the Policy speaks for itself but otherwise denies the allegations set forth in paragraph 19 of the Amended Complaint.

20.     The Landings states that the Policy speaks for itself but otherwise denies the allegations set forth in paragraph 20 of the Amended Complaint.

21.     The Landings is without knowledge as to the allegations contained in paragraph 21 of the Amended Complaint, and therefore, denies the same and demands strict proof thereof.

22.     The Landings is without knowledge as to the allegations contained in paragraph 22 of the Amended Complaint, and therefore, denies the same and demands strict proof thereof.

## COUNT I

23. The Landings restates and realleges paragraphs 1-22 of the Amended Complaint as if fully restated herein.

24. The Landings states that the Policy speaks for itself but otherwise denies the allegations set forth in paragraph 24 of the Amended Complaint.

25. The Landings states that the Policy speaks for itself but otherwise denies the allegations set forth in paragraph 25 of the Amended Complaint.

26. The Landings states that the Policy speaks for itself but otherwise denies the allegations set forth in paragraph 26 of the Amended Complaint.

27. The Landings states that the Policy speaks for itself but otherwise denies the allegations set forth in paragraph 27 of the Amended Complaint.

28. The Landings is without knowledge as to the allegations contained in paragraph 28 of the Amended Complaint, and therefore, denies the same and demands strict proof thereof.

29. The Landings admits the allegations of paragraph 29.

30. The Landings is without knowledge as to the allegations contained in paragraph 30 of the Amended Complaint, and therefore, denies the same and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. The Landings specifically denies any allegations contained in Plaintiff's Amended Complaint which has not been specifically admitted herein.

2. The Landings states that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted because there is no legitimate bona fide dispute between the Parties.

WHEREFORE, the Landings requests that this Court dismiss Plaintiff's Amended Complaint and grant the Landings its fees and costs associated with responding to the same and whatever additional relief the Court deems reasonable.

/s/ *Paul M. Quin*, Esq.
PAUL M. QUIN, ESQ.
Florida Bar No.: 477745
pquin@saxongilmore.com
RICARDO L. GILMORE, ESQ.
Florida Bar No.:  301019
rgilmore@saxongilmore.com
**SAXON GILMORE & CARRAWAY, P.A.**
201 East Kennedy Boulevard, Suite 600
Tampa, Florida  33602
Phone:  (813) 314-4500
Fax:       (813) 314-4555

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 13, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF which will send a notice of electronic filing to the following:

Antonio Morin, Esq.
Akerman LLP
Three Brickell City Centre
98 Southeast Seventh St. Ste. 1100
Miami, FL 33131-1714
Antonio.morin@akerman.com
Walter Lee Rogers, Jr., Esq.
The Arnold Law Group, PA
203 Park Lake St.
Orlando, FL 32803
wrogers@thearnoldlawgroup.com

Jason J. Recksiedler, Esq.
NeJame Law, PA
189 S. Orange Ave., Ste. 1800
Orlando, FL 32801-3261
Jason@nejamelaw.com

/s/ *Paul M. Quin*, Esq.
ATTORNEY