UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CATLIN SPECIALTY INSURANCE COMPANY, INC.,

    Plaintiff,

vs.

THE LANDINGS AT CARVER PARK, LLLP, HOUSING AUTHORITY OF THE CITY OF ORLANDO, INC., WENDELL EDWARDS, RICKY HARRISON, DAQUAN LUNDY, THE ESTATE OF GINO NICHOLAS, THE ESTATE OF TANYA SKEEN, AND CORDARIUS WILLIAMS,

    Defendants.
_____/

CASE NO.: 6: 16-cv-1650-Orl-41gjk

**DEFENDANTS, THE HOUSING AUTHORITY OF THE
CITY OF ORLANDO, FLORIDA AND THE LANDINGS
AT CARVER PARK, LLLP'S MOTION FOR SUMMARY
JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Defendants, The Housing Authority of the City of Orlando, Florida ("OHA") and The Landings at Carver Park, LLLP's ("The Landings"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56, hereby file this Motion for Summary Judgment, and in support thereof state as follows:

**UNDISPUTED MATERIAL FACTS**

1. On April 16, 2016, at approximately 9:00 p.m., a vehicle carrying one or more occupants drove along the perimeter road of The Landings apartment complex, firing multiple gunshots into a group of people that were gathered outside the apartment of Wendell Edwards,

on The Landings property. Deposition of Daquan Lundy, relevant portions of which are attached hereto as Exhibit "A," at p. 7:25; 8:1-8; 10:2-5; 11:2-10.

2. Wendell Edwards, Ricky Harrison, Daquan Lundy, and Cordarius Williams sustained gunshot injuries as a result of the shooting. Doc. 42 at ¶14; Doc. 52 at ¶14; Doc. 63 at ¶14.

3. At the time of the shooting, Tanya Skeen, single mother of three, was in her apartment putting away groceries when she was struck in the head by a stray bullet, and died as a result of the gunshot wound. Joint Homicide Investigative Team Supplement Report (hereinafter referred to as the "Police Report"), attached hereto as Exhibit "B," p. 3; 8-9; Doc. 74 at ¶14.

4. Gino Nicholas, a mentor to local youth and a well-respected member of the Orlando community, was struck by a bullet while standing with the group of people outside Wendell Edwards' apartment, and also died as a result. Police Report, p. 8; Doc. 39 at ¶ 14.

5. Prior to the shooting, The Landings had purchased a commercial general liability insurance policy (the "Policy") issued by Catlin Specialty Insurance Group ("Catlin") with The Landings as the named insured, and OHA also listed as a named insured pursuant to an endorsement to the Policy, with a policy period of July 10, 2015, to July 10, 2016. Am. Compl., Exh. A.

6. The Policy provides bodily injury liability coverage to the named insureds with an each occurrence limit of $1,000,000 and a general aggregate limit of $2,000.000. Am. Compl., Exh. A at p. 1 of Declarations.

7. The Policy also contains an Assault and Battery Sublimit Endorsement which provides that the Policy's bodily injury liability coverage for bodily injury arising out of assault

and/or battery is limited to $100,000 for each "incident" and $300,000 in the aggregate. Am. Compl., Exh. A at Assault and Battery Sublimit Endorsement.

## MEMORANDUM OF LAW

### SUMMARY OF ARGUMENT

Catlin's Amended Complaint names the Estate of Gino Nicholas and the Estate of Tanya Skeen (collectively, the "Estate Defendants") and Wendell Edwards, Ricky Harrison, Daquan Lundy and Cordarius Williams (collectively, the "Individual Defendants"), as well as OHA and The Landings, as the defendants in a declaratory judgment action, seeking a declaration that the $100,000 per incident limit set forth in the Assault and Battery Sublimit Endorsement to the Policy applies to the drive-by shooting and any potential claims arising therefrom by The Individual Defendants and/or the Estate Defendants. The Landings and OHA are entitled to an order granting summary judgment as to Count I of the Amended Complaint because (1) The language and terms of the Policy are vague and ambiguous; (2) Any potential claims against The Landings and OHA did not "arise" out of the assault and battery; and (3) Catlin's declaratory judgment action is premature and therefore inappropriately sought.

### STANDARD FOR REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Mize v. Jefferson City Bd. Of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). A fact is material if it may affect the outcome of the suit under the governing law. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). In determining

whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must view the evidence in the light most favorable to the non-moving party. *Pritchard v. Southern Co. Svcs.*, 92 F.3d 1130, 1132 (11th Cir. 1996); *see also WSB-TV v. Lee*, 842 F.2d 1266, 1270 (11th Cir. 1988) ("When more than one inference reasonably can be drawn, it is for the trier of fact to determine the proper one.") When the only question a court must decide is a question of law, summary judgment may be granted. *Saregama India Ltd. V. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011).

## ARGUMENT

**A.     The language and terms of the Policy are vague and ambiguous.**

Catlin's insurance policy is issued to cover The Landings and OHA's liability for certain acts and omission which may have caused others damage and/or harm. There are certain exclusions in the policy, including the Assault and Battery Sublimit Endorsement. According to Catlin, such endorsement is implicated here because the injuries to the Individual and Estate Defendants were caused by an assault and/or battery. Because there is no suggestion that the shooter or shooters are in any way associated with The Landings or OHA, this endorsement applies if the "bodily injury" is "arising out of" "assault and/or battery" or "[t]he failure to prevent or suppress any assault and/or battery" by The Landings or OHA. *See* Am. Compl., Exh. A at Assault and Battery Sublimit Endorsement.[1] Because the definitions of these terms are essential to determining coverage, the applicability of this endorsement depends on policy definitions, or in the absence of such, on the normal use and definition associated with the term.

---

[1] For OHA and The Landings to have any liability for the injuries sustained by the Individual and Estate Defendants, of course there must be some causation associated with any alleged act or omission by OHA or The Landings. In short, the situation which led to the shootings must have arisen out of some act of negligence by OHA and The Landings.

4

The Landings and OHA assert that the language and terms of the Policy are vague and ambiguous as to the terms "occurrence," "incident," "altercations, disturbances or disputes" and "related," and as such the language should be interpreted to provide the greatest coverage for all claimants. *Michigan Millers Mut. Ins. Corp. v. Benfield*, 902 F. Supp. 1509, 1513 (M.D. Fla. 1995). In addition, for the Assault and Battery Sublimit Endorsement to apply, expansive definitions of "prevent" or "suppress" would have to control and such definitions would have to be included in the Policy. They are not. An insurer's failure to limit or define a term has to be interpreted in favor of coverage for the insured, who is entitled to a clear explanation of terms, rather than application of a definition that was never written into his contract for insurance coverage. *Berkshire Life Ins. Co. v. Adelberg*, 698 So. 2d 828, 830 (Fla. 1997). In particular, "exclusionary clauses are strictly construed, again in a manner that affords the insured the broadest possible coverage." *Fabricant v. Kemper Indep. Ins. Co.*, 474 F. Supp. 2d 1328, 1331 (S.D. Fla. 2007). The Assault and Battery Sublimit Endorsement supplies a definition for "incident" which so broadens the term as to render it meaningless. Under Catlin's definition, an "incident" can refer to any number of altercations which can occur over an unspecified period of time at any number of locations and can include an unlimited number of victims and/or perpetrators. *See* Am. Compl., Exh. A at Assault and Battery Sublimit Endorsement. Under Catlin's definition, WWII was an "incident." Such an over-inclusive and overbroad definition changes the very meaning of the word and ends up swallowing any set of circumstances which could render the Assault and Battery Sublimit Endorsement inapposite.

**B.    Any potential claims against The Landings and OHA did not "arise" out of the assault and battery.**

The Landings and OHA are entitled to an order granting summary judgment because the Assault and Battery Sublimit Endorsement of the Policy does not apply, as any potential claims

5

against The Landings and OHA did not "arise" out of the assault and battery. Because neither The Landings nor OHA were the perpetrators of the shooting, their liability, to the extent such liability exists, must relate to negligent actions or negligent failures to act which predate the shooting. Moreover, such potential acts or failures could relate to actions taken months or years prior to the shooting. For example, if The Landings and OHA's liability is premised upon their negligent failure to provide security, then a decision to have only a limited number of security personnel working a limited number of hours could have been decided months or years before the shooting. Any liability for OHA and/or The Landings would only be found if such negligence were the legal cause in fact of the Individual and Estate Defendants' injuries. If such negligence were the legal cause in fact, then it is axiomatic that Defendants' injuries "arose" from such negligence, not from the assault and battery. Concomitantly, if OHA and/or The Landing's alleged negligence was not the cause in fact of the Defendants' injuries, then no liability would attach and the insuring agreement would be unnecessary. Courts have found assault and battery exclusions inapplicable to victims' claims arising out of negligence. For example, in *Britamco Underwriters, Inc. v. Weiner*, 431 Pa. Super. 276, 283, 636 A.2d 649, 652 (1994), the Court disagreed with the insurer's contention that the victim's claims were excluded from coverage under an assault and battery endorsement, because the victim's injuries may have been caused by the negligent acts of the insured and not necessarily by the intentional acts of any individual. Similarly, the claimed injuries of the Individual Defendants and The Estate Defendants would arise out of and may have been hypothetically caused by The Landings and OHA's alleged failure to provide security, not out of an assault and battery. As such, the Assault and Battery Sublimit Endorsement should not apply.

As set forth in more detail in Section C, *infra*, the specific claims which may be made against The Landings or OHA are unclear at this time. The only clue comes from the Individual Defendants' and the Estate Defendants' responses to interrogatories. When asked in interrogatories to provide in detail all facts and theories that warrant a claim against OHA or the Landings, Wendell Edwards alleged that "[p]arties failed to properly secure, monitor, and maintain the subject premises and/or failed to put in place or enforce regulations related to the use of the subject premises."[2] When asked in interrogatories to provide in detail each act or omission that contributed to the shooting, the Estate of Tanya Skeen alleged multiple instances related to OHA and/or The Landings' failure to maintain or provide security.[3] It remains unknown whether these responses will provide the basis for any underlying claim or whether counsel for the Individual and Estate Defendants will develop new and/or additional theories in the suit they may file. Regardless of such allegations, however, any action or failure to act must predate the shooting and, therefore, any injury arises from such actions. Accordingly, the Assault and Battery Sublimit Endorsement should not apply.

On a related note, multiple courts have held that assault and battery exclusions apply only to assaults and batteries committed by the insured, not by third parties, or that applicability of the exclusion was left sufficiently unresolved so as to require certification to a higher court. *See Lucey v. Harris*, 490 So. 2d 416, 419 (La. Ct. App. 1986), *writ denied,* 496 So. 2d 327 (La. 1986) (holding assault and battery exclusion inapplicable to a battery committed by a stranger to the insurance policy); *see also 2500 Motel Corp. v. Inv'rs Ins. Co. of Am.*, 169 A.D.2d 604, 605, 564 N.Y.S.2d 750 (1991) (holding that assault and battery exclusion applies to intentional damage

---

[2] Wendell Edwards' Supplemental Response to OHA's First Set of Interrogatories, No. 2, attached hereto as Exhibit "C."
[3] The Estate of Tanya Skeen's Response to OHA's First Set of Interrogatories, No. 3, attached hereto as Exhibit "D."

caused by or at the direction of the insured, its agents or employees, rather than assaults or batteries committed by unrelated third persons). It is clear in this case that OHA and/or The Landings have no involvement with the alleged gunman.

### C. Catlin's declaratory judgment action is premature and therefore inappropriately sought.

The Landings and OHA are entitled to summary judgment because Catlin's declaratory judgment action is premature and therefore not ripe for determination by this Court. The Declaratory Judgment Act provides that, "[i]n any case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). In the instant matter, no actual controversy exists that would support entry of a declaratory judgment, as no claims have been filed by the Estate or Individual Defendants. Additionally, a declaratory judgment is appropriate only when it will "serve a useful purpose in clarifying and settling the legal relations at issue," and when it will "terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding. *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 151 F. Supp. 3d 1294, 1303 (M.D. Fla. 2015). At this point, a declaratory judgment would serve no useful purpose, as the potential claims are unknown. Furthermore, case law is clear that the applicability of the assault and battery exclusion of the Policy depends upon the nature of the claims asserted by a plaintiff in a personal injury action. *See Catlin Syndicate 2003 v. Rinkus*, 43 F. Supp. 3d 1255 (S.D. Fla. 2012); *see also United States Liab. Ins. Co. v. Kelley Ventures*, LLC, 137 F. Supp. 3d 1312, 1316 (S.D. Fla. 2015). In this case, the Estate and Individual Defendants' claims are uncertain, undecided and unpled.

The case of *Norris v. Colony Ins. Co.*, 760 So. 2d 1010, 1011 (Fla. 4th DCA 2000) is illustrative. In *Norris*, the plaintiff was beaten and robbed by an unknown assailant at a gas station. *Id.* at 1011. The plaintiff brought suit against the gas station, alleging negligent maintenance of the premises. *Id.* The insurer refused to defend the suit and denied coverage because damages "arising from" assault and battery were excluded under the applicable insurance policy. *Id.* The Court found that because the plaintiff alleged in the original complaint only that her injuries resulted from negligent maintenance of the premises, and the complaint contained no allegations that the injuries resulted from an assault, the insurer had a duty to defend. *Id.* Therefore, we must know what the specific claims of the Individual and Estate Defendants will be against The Landings and/or OHA before a declaratory judgment action can be brought. Moreover, it is possible that no lawsuit by the Individual and/or Estate Defendants will ever be filed. Therefore, a declaration of this Court based on speculation as to the nature of a potential claim is inappropriate. Accordingly, summary judgment should be granted in favor of The Landings and OHA, or in the alternative, Catlin's claim should be dismissed, or abated.

WHEREFORE, Defendants, The Housing Authority of the City of Orlando, Florida and The Landings at Carver Park, LLLP's, respectfully request that this Court enter an Order granting summary judgment in its favor, and such other relief deemed reasonable by this Court.

/s/ *Paul M. Quin*, Esq.
PAUL M. QUIN, ESQ.
Florida Bar No.: 477745
pquin@saxongilmore.com
RICARDO L. GILMORE, ESQ.
Florida Bar No.: 301019
rgilmore@saxongilmore.com
**SAXON GILMORE & CARRAWAY, P.A.**
201 East Kennedy Boulevard, Suite 600
Tampa, Florida 33602
Phone: (813) 314-4500

Fax: (813) 314-4555
Attorneys for Housing Authority of the City of Orlando, Inc. & The Landings at Carver Park, LLLP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of December, 2017, the foregoing was served to the following:

Antonio Morin, Esq.
Akerman LLP
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131-1714
Email: Antonio.morin@akerman.com;
Gary.guzzi@akermani.com
Attorney for Catlin Specialty Insurance Company, Inc.

Walter L. Rogers, Esq.
The Arnold Law Group, P.A.
203 Park Lake Street
Orlando, FL 32803
wrogers@thearnoldlawgroup.com
Attorney for the Estate of Gino Nicolas

Jeremy Markman, Esq.
King and Markman, P.A.
941 Lake Baldwin Lane, Suite 101
Orlando, FL 32814
Email: Markman@KingandMarkman.com
Attorney for The Estate of Tanya Skeen

Daquan Lundy – Pro Se
3422 Bosie Place
Orlando, FL 32805

Ricky Harrison – Pro Se
1601 36th Street
Orlando, FL 32839

Cordarius Williams – Pro Se
4004 Dolomite Street
Orlando, FL 32805

/s/ Paul M. Quin
Attorney for Housing Authority of the City of Orlando, Inc. & The Landings at Carver Park, LLLP